RUBBER AND CELLULOID HARNESS TRIMMING COMPANY

*v.*

RUBBER-BOUND BRUSH COMPANY et al.

[Decided July 18th, 1914.]

1. Complainant was incorporated under the General Corporation act (*P. L. 1849 p. 300*), January 23d, 1873, its franchise to terminate January 1st, 1900. In 1874 the legislature passed a special act (*P. L. 1874 p. 1071*) to extend and amend its corporate powers and privileges, section 11 of which provided that the corporation should not, from the date of the act, be bound or affected by the act of 1849, under which it was incorporated, or its supplements, except as prescribed by the act of 1874.—*Held,* that complainant's corporate existence under the act of 1874 continued indefinitely, and did not therefore terminate in accordance with its original articles.

2. Act March 17th, 1874 (*P. L. 1874 p. 1071*), is entitled "An act to extend, amend, and increase the corporate powers and privileges of the Celluloid Harness Trimming Company," and section 11 of the act provides that the company shall not, from the date of the approval of the act, be bound, controlled, or in anywise affected by the General Corporation act of 1849 (*P. L. 1849 p. 300*), under which it was organized, or any provisions thereof not incorporated in the act of 1874.—*Held,* that such act is not invalid as containing an object not expressed in its title.

3. Where the date of the alleged expiration of a corporation's charter appeared from the public records, the fact that its corporate life had expired at the time it brought suit against defendant for unlawful competition could not be said to constitute newly-discovered evidence sufficient to sustain a bill to review a judgment against defendant.

On motion for leave to file a bill of review.

*Mr. Carl V. Vogt,* for the motion.

*Mr. Thomas M. Kays* and *Mr. Alfred F. Skinner, contra.*

HOWELL, V. C.

In 1911 the Rubber and Celluloid Harness Trimming Company filed its bill in this court against the Rubber-Bound Brush

Company and others, to restrain the defendants from the commission of certain acts which it was alleged amounted to unfair trade and unfair competition on the part of the defendants, and such proceedings were had therein that on December 6th, 1912, a final decree was entered therein against the defendants in accordance with the prayer of the bill. *81 N. J. Eq. 419.* The decree was affirmed on appeal. *81 N. J. Eq. 519.*

The defendants now seek to review the decree in that case and set the same aside upon the ground that at the time of the filing of the bill and of the making of the decree and of the affirmance on appeal there was no such corporation as the Rubber and Celluloid Harness Trimming Company, its franchise to be a corporation having expired on the first day of January, 1900. They allege that they did not discover the fact until after the affirmance, and they allege, therefore, that the fact is a newly-discovered fact and amounts to newly-discovered evidence within the rules touching the filing of bills of review.

The facts are these: The complainant was incorporated under the general corporation laws of this state on January 23d, 1873, by virtue of an act of the legislature entitled "An act to authorize the establishment and to prescribe the duties of companies for manufacturing and other purposes," approved March 2d, 1849. The incorporation papers provided that the company would commence its existence on February 8th, 1873, and terminate on January 1st, 1900.

In 1874 the legislature passed an act entitled "An act to extend, amend and increase the corporate powers and privileges of the Celluloid Harness Trimming Company;" it was approved on March 17th, 1874. *P. L. 1874 p. 1071.* This act recited the organization of the company under the act of 1849, and ratified and confirmed the incorporation and the election of directors, and further constituted the company a body corporate in fact and in law by the name which it had chosen, for the purpose of manufacturing and selling celluloid harness trimmings and articles used therewith and for carrying on any business incident thereto in this state. The eleventh section of that act provided that the company should not from the date of the approval of the act be bound, controlled or in anywise affected

by the said act of 1849 or any of its provisions or any supplements thereto, except as is in the act of 1874 prescribed. On November 29th, 1877, the name of the company was changed to Rubber and Celluloid Harness Trimming Company, that being the name now used by it in the prosecution of its business.

From these facts the defendants conceived that the company ceased to exist on January 1st, 1900, and that therefore the decree in this suit should not and in fact could not have been made in its favor, there being no legal entity bearing the name assumed by the complainants in whose favor the decree could be made.

I think the motion should be denied upon the ground that the act of 1874 continued the existence of the complainant corporation indefinitely, and that by the plainest construction. After reciting the incorporation of the company under the act of 1849 and the election of directors and the completion of the organization thereunder, it proceeds to ratify all that had been done in the past with regard to those matters, and to reincorporate it (section 1), and then it provides in the eleventh section that after the approval of the act of 1874 the company should cease to be bound, controlled or in anywise affected by the act of 1849 or by any of its provisions or by any supplements thereto except as is prescribed in the act of 1874. I do not see how words could make it plainer that it was the intention of the legislature to withdraw the corporation from the operation of the general corporation laws and place it under the supervision of the act of 1874.

It is claimed, however, that this act is unconstitutional, for the reason that it violates a provision of the constitution then in force which required that every law should embrace but one object, and that such object should be expressed in the title. Particularly is this objection urged to section 11. On this point the facts are quite similar to those in the case of *State, ex rel. Walter,* v. *Town of Union, 83 N. J. Law 350.* There the act complained of was entitled "An act to amend an act to incorporate the Town of Union in the township of Union in the county of Hudson, approved March 29th, 1864." This act validated an ordinance passed by the Town of Union, but passed irregularly,

for the construction of a sewer in the Hackensack plank road. It is claimed that this purpose was not expressed in the title. The supreme court, however, held the contrary. The opinion says: "The unity of the object must be sought in the end which the legislative act purposes to accomplish, and not in the details provided to reach that end. The degree of particularity which must be used in the title of an act rests in the legislative discretion, and is not defined by the constitution. There are many cases where the object might with great propriety be more specifically stated, yet the generality of the title will not be fatal to the act if by fair intendment it can be connected with it." And it holds the general title which was given to the act be in accordance with the provisions of the constitution. To the same effect is *State, ex rel. Doyle,* v. *Newark, 34 N. J. Law 236,* also a case in the supreme court. The same rule was announced by the court of errors and appeals in *Newark* v. *Mount Pleasant Cemetery Co., 58 N. J. Law 168,* and by Chancellor McGill in this court in *Stockton* v. *Central Railroad, 50 N. J. Eq. 52, 69; Sawter* v. *Shoenthal, 81 N. J. Law 197; Shullise* v. *O'Neill, 85 N. J. Law 15.* Following these authorities I must conclude that the act is constitutional.

There is another reason why this motion cannot prevail. It is claimed that the evidence of the non-existence of this corporation consists of certain public records to which every person has free access. The evidence so called was as accessible to the defendant at the time this suit was brought as it is to-day. The public offices in which it resides remain to-day as they were then, and, so far as I can see, the only possible reason for calling the evidence newly-discovered evidence is that it was not searched for at the time when it should have been set up by proper pleading in the cause. The whole subject of newly-discovered evidence, so far as it applies to bills of review, was discussed by Vice-Chancellor Garrison in *Richards* v. *Shaw, 77 N. J. Eq. 399.* Quoting from earlier cases, he says: "When application is made to file a bill of review upon the discovery of new matter, the rule is that the matter must not only be new but must be such that the party by the use of reasonable diligence could not have known of it. If there be any laches or

33

negligence in that respect that destroys the title to the relief." Such a bill (of review) must rest upon some new matter which has been discovered after the decree and could not possibly have been used when the decree was made. In my opinion, the evidence which is now claimed to be newly discovered is not such in any sense whatever. It cannot be called newly-discovered evidence for the purpose of a bill of review, because it did not occur to the defendant to make a search for it.

The motion must be denied.